IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHERITA GARTH, MOVANT

v. No. 1:14CR81-MPM-DAS

UNITED STATES OF AMERICA RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Sherita Garth to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2255**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.*

## Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require

the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## Facts and Procedural Posture

A federal grand jury indicted Sherita Garth in 6 counts of an Indictment on July 23, 2014. Doc. 1. On February 4, 2015, Sherita Garth pled guilty to Counts One and Six of the Indictment. Docs. 87-89. After a Presentence Report was completed by U.S. Probation, on June 30, 2015, the court sentenced Ms. Garth to a 135-month term of imprisonment. Doc. 129.

She did not appeal her conviction or sentence. On March 2, 2016, Ms. Garth filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 133. She then filed a motion for sentence reduction under 18 U.S.C. § 3582. Doc. 135. The court denied the motion under § 3582 to reduce her sentence. Doc. 137. The court then ordered the government to respond to her Motion to Vacate, Doc. 139, and the government did so.

In her § 2255 motion, Ms. Garth presents the following grounds for relief, the first five of which are framed as claims for ineffective assistance of counsel:

(1) Counsel failed to perfect an appeal when requested;

(2) Counsel failed to explain Ms. Garth's appellate rights;

(3) Counsel failed to explain Ms. Garth's sentencing range;

(4) Counsel failed to challenge the amount of drugs Ms. Garth conspired to distribute;

(5) Counsel failed to challenge the purity of the drugs Ms. Garth conspired to distribute;

(6) Ms. Garth's plea was invalid because it was unlawfully induced, involuntary, and taken in the absence of her understanding of the nature or consequences of the charges.

## Ineffective Assistance of Counsel

The court must address claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove that defense counsel was ineffective, the petitioner must show that counsel's performance was deficient

and that the deficiency resulted in prejudice to her defense. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). "When §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011); *Premo v. Moore*, 131 S.Ct. 733 (2011).

### (1) Failure to Perfect an Appeal; (2) Failure to Explain Appellate Rights

Ms. Garth has withdrawn her allegation that counsel failed to file a notice of appeal when requested to do so. As she has withdrawn that allegation, her allegation regarding counsel's failure to explain appellate rights has become moot. As such, these two grounds for relief will be dismissed.

### (3) Failure to Explain Sentencing Range

As shown above, Ms. Garth's counsel clearly provided effective assistance in negotiating the recommendation regarding the weight of drugs. In addition, the court asked Ms. Garth prior to her guilty plea if she "and [defense counsel] talked about how the sentencing guidelines might

apply to [her] case." Doc. 95, at p. 10. She answered, "Yes, sir." Again, prior to sentencing the court asked defense counsel if there were any unresolved objections to the U.S. Sentencing Guideline calculations (Doc. 130, at p. 3) and gave Ms. Garth an opportunity to allocute before imposing sentence. She raised no objection to her counsel's conduct or advice. There is simply nothing in Ms. Garth's § 2255 motion to support her claim that defense counsel failed to explain either the Sentencing Guidelines, the drug weights, or any other sentencing issue. She has not established ineffective assistance of counsel on this issue.

### (4) Failure to Challenge Drug Amount

Sherita Garth was responsible for distributing more than 100 kilograms of cocaine and transported more than $1,000,000 in cash from Mississippi to Texas to purchase the drugs, along with 27 kilograms of cocaine in one month in 2013. PSR, at ¶¶ 20-21. However, the government only requested that she be held accountable for between 5 and 15 kilograms of cocaine, and U.S. Probation accepted the recommendation. PSR, at ¶¶ 22 and 29. This reduced Ms. Garth's exposure as to the weight of drugs and reduced her specific offense conduct from 34 to 30 on the Drug Quantity Table (USSG §§ 2D1.1(a)(5) and 2D1.1(c)) which effectively reduced her guideline range from 168-210 months to 108-135 months.

Ms. Garth's counsel negotiated a sentencing recommendation to hold her accountable for 5 to 15 kilos of cocaine. See, Plea Supplement and Plea Transcript. Docs. 88 and 95, p. 9. For the presentence investigation and at sentencing, Ms. Garth's counsel made the wise tactical decision not to challenge the recommendation that Garth be held accountable for only 5 to 15 kilograms of cocaine. Had counsel objected, the court would have resolved the matter, taking testimony from codefendants and coconspirators, which would almost assuredly have resulted in

a more severe sentence. See, PSR, ¶¶ 20-21. Indeed, the court took note of this at sentencing, stating:

> And your attorney negotiated a cap for you which limited the amount of cocaine you could be charged with; and that turned out to be a good thing for you because it indicates to me, from what I've read, that you were hauling a lot of cocaine out of Texas. You were the head of the organization.

Doc. 130 at 6. Ms. Garth's counsel negotiated an extremely favorable sentencing recommendation that avoided a far harsher sentence. This ground for relief is without substantive merit.

### (5) Failure to Challenge Purity of Cocaine

The purity of cocaine is not a valid reason to vary or depart from the sentencing guidelines. Ms. Garth did not explain how her counsel should have made such an argument. A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill-chosen that it infects the entire trial with obvious unfairness. *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983) (citations omitted). Counsel was wise in deciding not to interpose a frivolous objection.

### (6) Voluntariness of Guilty Plea

Ms. Garth alleges that her conviction was obtained by an "unlawfully induced [plea] or [one] not made voluntarily or with understanding of the nature of the charge and the consequence of the plea." Doc. 133, at p. 5. The questions Ms. Garth answered during her change of plea refutes this claim. See Doc. 95. During the plea colloquy, the court asked Ms. Garth about the nature of the charge, the elements of the offense, and the facts of the crimes. Doc. 95, pp. 4, 6-7, 9, 12-15. The court also explained the statutory maximum sentence available, and ensured that she had sufficient knowledge and understanding that the court would refer to the U.S. Sentencing Guidelines, but was not bound by them. Doc. 95, pp. 7, 10-11.

The court further explained the consequences of pleading guilty, including, among other things, being deprived of the right to vote, hold office, or possess a firearm. Doc. 95, p. 10. The court ensured that Ms. Garth understood her rights and that she was acting voluntarily. Doc. 95, pp. 5-6. The court also ensured that she understood what she was doing and that she was competent to plead guilty by consulting with her attorney and the prosecutor. Doc. 95, pp. 3-4, 5, 6. The court also advised Ms. Garth that she had the right to persist in her plea of not guilty and to compel the government to prove its case beyond a reasonable doubt. Doc. 95, p. 5-6.

Ms. Garth's allegation that her guilty plea was "unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequence of the plea" is soundly refuted by her declarations, admissions, and concessions made during her guilty plea. This ground for relief is without substantive merit and will be denied.

**Conclusion**

In sum, none of the grounds for relief in the instant motion to vacate, set aside, or correct sentence has merit, and the motion will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 22nd day of October, 2018.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**